UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNETH PHILLIPS,                                              **COMPLAINT**

                                      Plaintiff,           **JURY TRIAL**
- against –                                                                   **DEMANDED**

THE CITY OF NEW YORK and POLICE                        **ECF CASE**
OFFICERS "JOHN DOES" NUMBERS ONE
THROUGH TEN,

                                     Defendants.
------------------------------------------------------------------------X

Plaintiff KENNETH PHILLIPS ("Plaintiff" or "Mr. Phillips"), by his attorneys, JON L. NORINSBERG, ESQ. PLLC, as and for his Complaint against defendant THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOES" NUMBERS ONE THROUGH TEN (collectively, "Defendants"), respectfully alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of Defendants' violations of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802 of the New York Administrative Code.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343, and 1367.

1

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. Section 1391(b) in that this is the District in which the claim arose.

**DEMAND FOR JURY TRIAL**

5. Plaintiff hereby demands a trial by jury on all issues so triable in this action pursuant to Fed. R. Civ. P. 38 (b).

**THE PARTIES**

6. Plaintiff KENNETH PHILLIPS is a resident of New York County, State of New York.

7. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains and operates the New York City Police Department ("NYPD"), a duly authorized police department acting under the direction and supervision of the aforementioned municipal corporation.

9. Defendants POLICE OFFICERS "JOHN DOES" #1-9 were at all times relevant herein officers, employees, and agents of Defendant CITY OF NEW YORK.

10. Defendants POLICE OFFICERS "JOHN DOES" #1-9 are being sued in their individual and official capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City

Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant CITY OF NEW YORK.

## **STATEMENT OF FACTS**

12.     On October 15, 2023, at approximately 11:30 PM, Plaintiff KENNETH PHILLIPS was lawfully present on the subway platform at 34 Penn Station in New York County, State of New York, having properly paid his fare to enter the subway system.

13.     Due to a pre-existing knee injury, Plaintiff sat down on the platform floor while waiting for his train.

14.     Defendant officers approached Plaintiff and falsely accused him of sleeping on the platform.

15.     Thereafter, Defendant officers began aggressively questioning Plaintiff and demanding his personal information without any legal justification or probable cause for doing so.

16.     When Plaintiff inquired whether he was under arrest, Defendant officers responded that he was not.

17.     Plaintiff then attempted to leave the area, as he was not under arrest and had committed no crime.

18.     At this point, Defendant JOHN DOE #1 forcibly grabbed Plaintiff's left arm without any warning or legal justification.

19.     The remaining eight officers, Defendants JOHN DOES #2-9, initially suggested to Defendant JOHN DOE #1 that Plaintiff should be left alone and allowed to leave the area.

20. Despite his fellow officers' suggestions, Defendant JOHN DOE #1 continued to forcibly grab and seize Plaintiff.

21. When Plaintiff moved his arm away from Defendant JOHN DOE #1's grasp, Defendant JOHN DOE #1 began violently punching Plaintiff in the head and body without any provocation or legal justification.

22. As a result of this ulnawful assault, Plaintiff fell to the ground and did not resist or fight back in any way.

23. At this point, despite their earlier suggestions to leave Plaintiff alone, Defendants JOHN DOES #2-9 joined Defendant JOHN DOE #1 in assaulting Plaintiff by repeatedly kicking him while he lay defenseless on the ground.

24. Defendant officers then placed Plaintiff in handcuffs and caused him to be transported by ambulance to Bellevue Hospital.

25. As a direct result of Defendants' unlawful actions, Plaintiff sustained multiple injuries to his body, including injuries to his lower back, upper back, neck and throat, requiring medical treatment at Bellevue Hospital and subsequent follow-up treatment at NYU Medical Center.

26. At no time during this incident did Plaintiff commit any crime or violation of law, nor did Defendants have any objective reason to believe Plaintiff had committed or was about to commit any crime or violation of law.

27. At no time during this incident did Plaintiff resist arrest or pose any threat to the Defendant officers or any other person.

28.     As a result of Defendants' unlawful actions, Plaintiff suffered, *inter alia*, multiple and permanent bodily injuries, severe emotional distress, as well as shock, fright, and humiliation, all without legal cause or justification.

### FIRST CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

29.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

30.     The level of force employed by defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

31.     As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation in the aforementioned paragraphs with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.     Defendants unlawfully seized and detained Plaintiff, depriving him of his liberty without any lawful justification for doing so.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

40. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41. Defendant police officers had an affirmative duty to intervene to protect the constitutional rights of Plaintiff from being violated by other police officers in their presence.

42. Defendant police officers violated Plaintiff's constitutional rights in the presence of their police colleagues.

43. Defendant police officers had reason to know Plaintiff's constitutional rights were being violated.

44. Defendant police officers had a realistic opportunity to intervene to prevent the harm from occurring to Plaintiff but failed to do so.

45. Notwithstanding this opportunity, defendant police officers failed to intervene to prevent the violations of Plaintiff's constitutional rights.

46. As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

## **FOURTH CLAIM FOR RELIEF**

### **INDIVIDUAL DEFENDANT OFFICER'S VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS**

47. Plaintiff repeats, reiterates, and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

48. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

49. The acts of the defendant officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

50. The defendant officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining Plaintiff and further causing his detention.

51. As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF

## INDIVIDUAL DEFENDANT OFFICER'S FAILURE TO INTERVENE IN VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS

52. Plaintiff repeats, reiterates, and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

53. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

54. Defendant officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

55. The defendants who did not initially assault Plaintiff, but who were present when Defendant JOHN DOE #1 violated Plaintiff's AC §§ 8-802 right against unreasonable search and seizure, and excessive force, had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by Defendant JOHN DOE #1.

56. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

57. As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF

### CITY-EMPLOYER'S LIABILITY FOR DEFENDANT OFFICER'S VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS

58. Plaintiff repeats, reiterates, and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of Defendant CITY OF NEW YORK and the NYPD.

60. Defendant City of New York, as the employer of the covered individual defendant officers, is liable to the Plaintiff for the wrongdoing of the covered individual defendant officers.

61. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

62. The acts of defendant officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

63. The defendant officers, while in uniform, unlawfully seized, frisked, and searched Plaintiff, before detaining and further causing his detention.

64. As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

**SEVENTH CLAIM FOR RELIEF**

**CITY-EMPLOYER'S LIABILITY FOR DEFENDANT OFFICER'S FAILURE TO INTERVENE IN VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS**

65. Plaintiff repeats, reiterates, and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

66. Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

67. Defendant City of New York, as the employer of the covered individual defendant officers, is liable to Plaintiff for the wrongdoing of the covered individual defendant officers.

68. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

69. The defendant officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

70. Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC §§ 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

71. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

72. As a result of the foregoing, Plaintiff sustained, *inter alia*, severe pain and suffering, bodily injuries, emotional distress, and deprivation of his constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KENNETH PHILLIPS, demands judgment for compensatory damages, punitive damages, plus reasonable attorney's fees, costs and disbursements in this action.

Dated: New York, New York
March 13, 2025

Yours, etc.
**JON L. NORINSBERG, ESQ., PLLC**

_____
Arjeta Albani Esq.
*Attorneys for Plaintiff*
110 East 59th Street, Suite 2300
New York, New York 10022
Tel No.: (212) 791-5396
Fax No.: (212) 406-6890
arjeta@norinsberglaw.com